66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald BOULDEN, Petitioner-Appellant,
v.
John THOMAS, Warden; Attorney General of the State of New
Mexico, Respondents-Appellees.
 No. 95-2047.
(D.C. No. CIV 92-40 JB/DJS).
 United States Court of Appeals, Tenth Circuit.
 Sept. 19, 1995.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.[2]
 
 BALDOCK
 
 1
 Petitioner-appellant Donald Boulden appeals from the district court's denial of his petition for habeas relief, 28 U.S.C. 2254, from his New Mexico convictions stemming from the kidnapping and sexual assault of two women.[3] On appeal, as before the district court, petitioner raises three arguments for relief: 1) his guilty plea was involuntary; 2) his attorney provided ineffective assistance; and 3) the imposition of consecutive sentences for second degree criminal sexual penetration, N.M. Stat. Ann. 30-9-11(D) (Michie Supp.1995), and kidnapping, id., 30-4-1, violated the constitutional protection against double jeopardy because these sentences amounted to multiple punishments for the same offense. Upon consideration of the record and the parties' arguments on appeal, we affirm the denial of habeas relief.
 
 
 2
 Petitioner's arguments asserting that his guilty plea was involuntary and his attorney was ineffective focus upon allegations that his plea was induced by his attorney's promise that he would receive a total of nine years' imprisonment as a result of his pleading guilty to six of the twenty-five counts charged in the indictment. Instead, the state trial court imposed four consecutive and two concurrent sentences totalling thirty years.
 
 
 3
 The magistrate judge conducted an evidentiary hearing addressing these two grounds for habeas relief. Petitioner testified that he agreed to enter a guilty plea based upon his attorney's promise that he would receive a total sentence of nine years' imprisonment. Petitioner's mother testified that defense counsel indicated to her that petitioner would only have to serve a total of twelve years in jail. Defense counsel testified that, at the solicitation of both petitioner and his mother, he may have predicted a nine-year sentence, but that he never "promised" such a sentence. Both the plea agreement signed by petitioner and the transcript of the plea proceeding established that petitioner was advised that he faced a possible sentence of between zero and forty-eight years, if he entered a guilty plea pursuant to the plea agreement, and that the trial court alone possessed authority to determine what his sentence would be within that range. Petitioner indicated to the sentencing court that no promises other than those in the written plea agreement had been made to him to induce his guilty plea.
 
 
 4
 The magistrate judge found petitioner and his mother not to be credible witnesses and further found that defense counsel had never made petitioner any promises concerning the length of his sentence, and the findings were adopted by the district judge. Although we review de novo the questions of whether a guilty plea is voluntary and whether counsel was ineffective, we review the district court's factual findings pertaining to these issues only for clear error. Miles v. Dorsey, No. 94-2055, 1995 WL 452362, at * 4, * 14 (10th Cir. Aug. 1, 1995) (to be reported at 61 F.3d 1459). Further, we must defer to the district court's credibility determinations. See, e.g., Singleton v. Lockhart, 962 F.2d 1315, 1321 (8th Cir.), cert. denied, 113 S.Ct. 435 (1992). Because there was evidence before the district court to support its factual finding that defense counsel did not make any promises to petitioner concerning the length of his sentence, these two habeas arguments must fail. See Thomas v. Kerby, 44 F.3d 884, 886 (10th Cir.1995). We, therefore, affirm the denial of habeas relief on the grounds of an involuntary plea and ineffective assistance of counsel.
 
 
 5
 In his third argument for relief, petitioner argues that the imposition of consecutive sentences for second degree criminal sexual penetration and kidnapping violates double jeopardy. An element of the second degree criminal sexual penetration charge to which he pleaded guilty required that crime to occur during the commission of another felony. See N.M. Stat. Ann. 30-9-11(D)(4) (subsequently renumbered subsection (D)(5) in 1995). Because the state used the kidnappings to raise the criminal sexual penetration counts to second degree felonies, petitioner asserts that he cannot also be punished separately for those kidnappings.
 
 
 6
 This multiple punishment double jeopardy issue turns on whether the state legislature provided for multiple offenses under these circumstances. See Thomas, 44 F.3d at 887. While we are not bound by state court rulings on ultimate constitutional issues, we will defer to a state court's interpretation of state law in determining whether an incident constitutes one or more offenses for double jeopardy purposes. Id.
 
 
 7
 New Mexico courts have held that second degree criminal sexual penetration and kidnapping do not necessarily merge into a single offense, see, e.g., State v. Pisio, 889 P.2d 860, 869 (N.M.Ct.App.1994), cert. denied, 888 P.2d 466 (N.M.1995); rather, they will be considered separate offenses if there is an independent factual basis for each, see, e.g., State v. Ramos, 858 P.2d 94, 101 (N.M.Ct.App.), cert. denied, 856 P.2d 250 (N.M.1993); see generally Swafford v. State, 810 P.2d 1223, 1233-34 (N.M.1991). Therefore, our analysis turns, in part, on the facts underlying these convictions.
 
 
 8
 In addition, however, because we have already determined that petitioner entered a counselled and voluntary guilty plea to these counts, he may not assert this collateral double jeopardy challenge unless it was "apparent on the face of the indictment and or the record existing at the time the plea was entered." Thomas, 44 F.3d at 888 (citing e.g., United States v. Broce, 488 U.S. 563, 575-76 (1989)). Because the indictment and state court record in this case "do not conclusively demonstrate a single offense but, rather, raise at most a question of fact that might have been resolved in petitioner's favor if he had disputed the matter at a trial," id. at 889, we must affirm the denial of habeas relief on this double jeopardy ground.
 
 
 9
 The twenty-five count indictment charged petitioner with two counts of kidnapping and a number of counts of second degree criminal sexual penetration occurring during the commission of another felony, but did not detail many of the facts underlying those charges. Because, under New Mexico law, kidnapping and second degree criminal sexual penetration do not necessarily merge into a single offense, e.g., Pisio, 889 P.2d at 869, these separately charged offenses did not, on the face of the indictment, violate double jeopardy.
 
 
 10
 The only further illumination found in the state court record of the facts surrounding the two sexual assaults occurred at the plea proceeding. During that proceeding, petitioner admitted to forcing the first victim into his truck and restraining her against her will for sexual purposes, and admitted taking the second victim by force from a convenience store and forcing her into his truck against her will and restraining her for sexual purposes.
 
 
 11
 At most, this record raises a question of fact as to whether there was a factual basis to support each kidnapping charge independent from the factual basis supporting the criminal sexual penetration charges. See Swafford, 810 P.2d at 1234. In light of this, petitioner's guilty plea precludes this collateral double jeopardy challenge to the resulting multiple convictions and sentences. Thomas, 44 F.3d at 888-89.
 
 
 12
 The judgment of the United States District Court for the District of New Mexico denying habeas relief is, therefore, AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Petitioner's motion for a certificate of probable cause, see 28 U.S.C. 2253, is granted